Eric E. Holm
HOLM LAW FIRM, PLLC
P.O. Box 3094
Billings, MT  59103
Phone: (406) 252-2900
Fax: (406) 794-0802
eric@holm-law.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| Fredericksburg Royalty, Ltd., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> XTO Energy, Inc., <br><br> Defendant. | Cause No. <br><br><br> **CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Fredericksburg Royalty, Ltd. ("Plaintiff"), on behalf of itself and all others similarly situated, files this Complaint against XTO Energy, Inc. ("XTO" or "Defendant"). Plaintiff alleges and asserts the following against Defendant.

**SUMMARY**

1.      This class action concerns XTO's willful and ongoing violations of Montana and North Dakota law related to the interest owed on untimely payments of oil-and-gas royalties.

2.      Montana statute requires operators like XTO to pay royalties to leased mineral owners within 120 days after the initial oil or gas produced under the lease is marketed and, thereafter, within 60 days after oil is marketed and 90 days after for gas is marketed. The statute requires operators to pay mineral owners statutory interest when they fail to meet those deadlines.

3.      North Dakota statute requires operators like XTO to pay royalties to mineral owners, both leased and unleased, within 150 days of marketing the oil or gas. The statute requires operators to pay mineral owners statutory interest when they fail to meet that deadline.

4.      XTO does not automatically pay mineral owners the interest it owes on untimely royalty payments. Instead, it has a policy of only paying statutory interest when mineral owners demand it, despite the fact that neither Montana nor North Dakota law contains such a demand requirement.

5.      Plaintiff brings this class action to recover damages for itself and all similarly situated mineral owners who received untimely payments from XTO

for which it did not pay the interest required by Montana and North Dakota statute.

## PARTIES

6.   Plaintiff Fredericksburg Royalty, Ltd. is a Texas limited partnership domiciled in San Antonio, Texas.

7.   Defendant, XTO Energy, Inc. is a Delaware corporation with its principal place of business located in Spring, Texas.

8.   XTO may be served with process by serving its registered agent: Corporation Service Company, P.O. Box 1691, Helena Montana, 59624-1691.

## JURISDICTION & VENUE

9.   This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendant are citizens of different states.

10.   This Court has personal jurisdiction over XTO because it has minimum contacts with this district related to the claims in this case.

11.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred in the State of Montana which is located within this district.

## FACTUAL ALLEGATIONS AS TO CLASS I (MONTANA)

12.   The preceding allegations are fully incorporated by reference.

13.   Montana statute provides:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the royalty owner or the owner's assignee within **120 days** after the initial oil or gas produced under the lease is marketed and **within 60 days for all oil** and 90 days for all gas produced and marketed, the unpaid royalties **must bear interest at the maximum rate of interest authorized under** 31-1-107 **from the date due until paid.**

§ 82-10-103, MCA (emphasis added).

14.   Stated differently, when an operator like XTO fails to pay royalties to a mineral owner within the statutory time periods after the oil or gas is sold, the operator owes interest on the unpaid royalty at the rate prescribed by § 31-1-107, MCA.

15.   Notably, the statute does not contain any requirement that the mineral owner make demand before a mineral owner is entitled to statutory interest.

16.   The statute applies the interest obligation to late payments made to all leased mineral owners. *See id.*

4

17.     Despite this clear statutory obligation, XTO does not automatically pay interest on untimely payments. Instead, XTO has adopted a policy of requiring mineral owners to first demand statutory interest before it will pay what is already owed under the statute.

18.     Plaintiff owns an interest in oil produced from the Carda 21X-35 well, which is located in Section 35-25N-53E in Richland County, Montana.

19.     XTO operates the Carda 21X-35 well and remits royalty payments to Plaintiff.

20.     XTO failed to pay Plaintiff the oil royalties to which it is entitled within 60 days of marketing Plaintiff's mineral interests from the Carda 21X-35 well.

21.     For example, for oil XTO marketed from the Carda 21X-35 well in May 2020, Plaintiff did not receive payment until August 2020.

22.     When XTO finally did pay those royalties owed to Plaintiff in August 2020, XTO did not include the interest required by Montana statute.

**CLASS ACTION ALLEGATIONS – CLASS I (MONTANA)**

23.     The preceding allegations are fully incorporated by reference.

24.     Plaintiff brings this action on behalf of itself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiff brings this class action on behalf of the following class ("Class I"):

>   All non-excluded persons or entities owning leased mineral interests in Montana wells who: (1) received untimely payments from XTO for royalties in Montana wells; and (2) whose payments did not include the statutory interest required by law.

>   Excluded from Class I are: (1) XTO, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of North Dakota.

26.     Upon information and belief, there are thousands of absent Class I members entitled to interest on late payments made by XTO.

27.     Class I is so numerous that joinder of all members is impracticable.

28.     The questions of fact and law common to Class I include:

>   a.  Whether Plaintiff and Class I own legal interests in the Montana acreages for which XTO has an obligation to pay oil-and-gas royalties;

>   b.  Whether, under Montana law, XTO owed interest to Plaintiff and Class I on any untimely payments;

>   c.  Whether XTO's failure to pay interest to Plaintiff and Class I on any untimely payments constitutes a violation of Montana statute; and

>   d.  Whether XTO is obligated to pay interest on future untimely payments.

29.     Plaintiff's claims are typical of Class I because each Class I member's claims are identical.

30. XTO treated Plaintiff and Class I in the same way by failing to pay the required interest on untimely payments.

31. Plaintiff will fairly and adequately protect the interests of Class I. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

32. The factual allegations and questions of law in this Complaint are common to the members of Class I and predominate over any questions affecting only individual members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across Class I that there is no reason why individual members of Class I would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class I member with the same scope of Class I membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment of oil-and-gas royalties as required by Montana law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits

to be achieved on behalf of each and every Class I member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class I members may never fully discover the wrongful acts of XTO, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to XTO.

## CAUSE OF ACTION – CLASS I (MONTANA)
### Breach of Statutory Obligation to Pay Interest

34.    The preceding allegations are incorporated by reference.

35.    Plaintiff brings this cause of action on behalf of itself and Class I.

36.    Plaintiff and Class I were legally entitled to the payments of oil-and-gas royalties from XTO, for production from wells owned or operated in Montana.

37.    Section 82-10-103, MCA, requires XTO to pay owners within 120 days after the initial oil or gas produced under the lease is marketed. For production following first sales, § 82-10-103, MCA, requires XTO to pay owners within 60 days for all oil produced and marketed and within 90 days for all gas produced and marketed.

38.    When XTO fails to pay owners within the statutory time periods, § 82-10-103 MCA requires XTO to pay owners the interest rate set forth in § 31-1-107, MCA, when the payment is eventually made.

39.     XTO held oil-and-gas royalties belonging to Plaintiff and Class I, and XTO failed to timely pay these royalties to Plaintiff and Class I.

40.     When XTO eventually paid these royalties to Plaintiff and Class I, it did not pay the interest required by §§ 82-10-103 and 31-1-107, MCA.

41.     XTO's failure to pay interest owed on the untimely payments has harmed Plaintiff and Class I.

## FACTUAL ALLEGATIONS AS TO CLASS II (NORTH DAKOTA)

42.     The preceding allegations are fully incorporated by reference.

43.     North Dakota statute provides:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee within one hundred fifty days after oil or gas produced under the lease is marketed . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner **within one hundred fifty days after oil or gas production is marketed** from the un-leased mineral interest owner's mineral interest, **the operator thereafter shall pay interest** on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid** . . . .

N.D.C.C. § 47-16-39.1 (emphasis added).

44.     Stated differently, when an operator like XTO fails to pay royalties to a mineral owner within 150 days after the oil or gas is sold, the operator owes 18% interest on the unpaid royalty.

45.     The statute expressly states there is no demand requirement before a mineral owner is entitled to statutory interest. *See* N.D.C.C. § 47-16-39.1 ("without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest").

46.     The statute equally applies the 18% interest obligation to late payments made to both leased and unleased mineral owners. *See id.*

47.     Despite this clear statutory obligation, XTO does not automatically pay interest on untimely payments. Instead, XTO has adopted a policy of requiring mineral owners to first demand statutory interest before it will pay what is already owed under the statute.

48.     Plaintiff owns an interest in oil and gas produced from the Thompson 41X-17MB3 well, which is located in Sections 16 and 17-153N-95W in McKenzie County, North Dakota.

49.     XTO operates the Thompson 41X-17MB3 well and remits royalty payments to Plaintiff.

50.     XTO failed to pay Plaintiff the royalties to which it is entitled within 150 days of marketing Plaintiff's mineral interests from the Thompson 41X-17MB3 well.

51.     As one example, for oil and gas XTO marketed from the Thompson 41X-17MB3 well in December 2014, Plaintiff did not receive payment until April 2016.

52.     When XTO finally did pay those royalties owed to Plaintiff in April 2016, XTO did not include the 18% interest required by North Dakota statute.

**CLASS ACTION ALLEGATIONS – CLASS II (NORTH DAKOTA)**

53.     The preceding allegations are fully incorporated by reference.

54.     Plaintiff brings this action on behalf of itself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

55.     Plaintiff brings this class action on behalf of the following class ("Class II"):

> All non-excluded persons or entities owning mineral interests in North Dakota wells who: (1) received untimely payments from XTO for royalties in North Dakota wells; and (2) whose payments did not include the 18% interest required by law.
>
> Excluded from Class II are: (1) XTO, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of North Dakota.

56.     Upon information and belief, there are thousands of absent Class II members entitled to interest on late payments made by XTO.

57.     Class II is so numerous that joinder of all members is impracticable.

58.     The questions of fact and law common to Class II include:

a. Whether Plaintiff and Class II own legal interests in the North Dakota acreages for which XTO has an obligation to pay oil-and-gas royalties;

b. Whether, under North Dakota law, XTO owed interest to Plaintiff and Class II on any untimely payments;

c. Whether XTO's failure to pay interest to Plaintiff and Class II on any untimely payments constitutes a violation of North Dakota statute; and

d. Whether XTO is obligated to pay interest on future untimely payments.

59.    Plaintiff's claims are typical of Class II because each Class II member's claims are identical.

60.    XTO treated Plaintiff and Class II in the same way by failing to pay the required interest on untimely payments.

61.    Plaintiff will fairly and adequately protect the interests of Class II. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

62.    The factual allegations and questions of law in this Complaint are common to the members of Class II and predominate over any questions affecting only individual members.

63.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a. The questions of law and fact are so numerous across Class II that there is no reason why individual members of Class II would want to control the prosecution of their own claims at their own expense;

b. To Plaintiff's knowledge, there is no pending litigation by any individual Class II member with the same scope of the Class II membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment of oil-and-gas royalties as required by North Dakota law;

c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class II member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class II members may never fully discover the wrongful acts of XTO, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to XTO.

## CAUSE OF ACTION – CLASS II (NORTH DAKOTA)
### Breach of Statutory Obligation to Pay Interest

64. The preceding allegations are incorporated by reference.

65. Plaintiff brings this cause of action on behalf of itself and Class II.

66. Plaintiff and Class II were legally entitled to the payments of oil-and-gas royalties from XTO, for production from wells owned or operated in North Dakota.

67.   N.D.C.C. § 47-16-39.1 requires XTO to pay owners within 150 days of marketing the production of their oil-and-gas interests.

68.   When XTO fails to pay owners within 150 days, N.D.C.C. § 47-16-39.1 requires XTO to pay owners 18% interest when the payment is eventually made.

69.   XTO held oil-and-gas royalties belonging to Plaintiff and Class II, and XTO failed to timely pay these royalties to Plaintiff and Class II.

70.   When XTO eventually paid these royalties to Plaintiff and Class II, it did not pay the 18% interest required by N.D.C.C. § 47-16-39.1.

71.   XTO's failure to pay interest owed on the untimely payments has harmed Plaintiff and Class II.

## JURY DEMAND

72.   On its own behalf and on the behalf of both Classes, Plaintiff demands a jury trial under Fed. R. Civ. P. 38 on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1.   An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2.   An order requiring XTO to pay Plaintiff and the members of Class I and Class II actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of XTO's breaches and unlawful conduct, including,

14

without limitation, the interest on the untimely payments required by law;

3.   An order requiring XTO to pay interest in the future, as required by law, to Plaintiff and the Classes;

4.   An order requiring XTO to pay the Classes' attorney fees and litigation costs as provided by statute; and

5.   Such costs and other relief as this Court deems appropriate.

DATED this 26th day of October, 2020.

Respectfully Submitted,

/s/ Eric E. Holm
Eric E. Holm
HOLM LAW FIRM, PLLC
P.O. Box 3094
Billings, MT  59103
Phone: (406) 252-2900
Fax: (406) 794-0802
eric@holm-law.com

*Attorney for Plaintiff*